## STELLE *vs.* ANDREWS and wife.

1. If, on a negotiation for a loan, where six per cent. was the only lawful interest, the lender requires and accepts for one half of the loan the assign-

ment of a mortgage on property out of the state, which carries seven per cent., this does not constitute usury.

2. If a mortgagee sells and conveys part of the mortgaged premises to a purchaser who does not pay the price to him, such part will be sold separately, and if the proceeds of the sale of the residue of the mortgaged premises, together with the unpaid purchase money of this part, are sufficient to discharge the mortgage debt and costs, the surplus of the proceeds of such part above the purchase money must be paid to such purchaser, or his assigns.

The argument of this cause was had upon the pleadings and proofs.

*Mr. Ludlow,* for complainant.

*Mr. R. S. Green,* for defendants.

THE CHANCELLOR.

The suit is for the foreclosure and sale of mortgaged lands. Three defences are set up against the mortgage.

The first is usury. This consists of two specifications : one, that it was agreed at the time of making the loan, that the defendant, besides interest, should pay one cent on every lock manufactured by him; the loan being to enable him to go on with his business as lockmaker. This is proved by the oath of the defendant, Andrews, but it is expressly and fully denied by the oath of the complainant, and two other witnesses who took part in making the loan. This defence is one not favored at law, and which must be sustained by satisfactory proof by the defendant. It is not sustained to my satisfaction, so as to base a decree by which the mortgage shall be declared void. The clear weight of evidence is against it, without regard to the nature of the defence, or the burthen of proof.

The second specification is, that the contract was for a loan of $10,000, and that for one half, or $5000 of it, he took the assignment of a mortgage on property in New York, which, on its face, bore seven per cent. interest, and that this, at the time of this loan, in the county of Middlesex,

was usurious interest. It would have been, in a mere contract of loan. But whatever the original contract was, at its execution it was changed by the parties as to this part of it, into a contract to sell the New York mortgage, which was transferred absolutely to the complainant, who now holds it as his own, and not as collateral security. It does not appear that it was a shift to evade the usury law of this state. And even if it appeared that at the consummation of the business, Stelle had insisted on a transfer of the New York mortgage, so as to give him seven per cent. on $5000, this would not constitute usury.

The second defence is, that the loan was made with the funds of the City Bank of Perth Amboy, of which Stelle was president; and that it was intended for the bank; and that Stelle holds it in trust for the bank; and that it, or the receivers, should be parties to the suit.

This is not proved by any witness, and is expressly denied by Stelle and the two Pattersons, one the cashier, and the other a director of the bank, and both taking part in the negotiations for the loan.

This proof is too strong to be overcome by the circumstantial evidence from the manner in which the money was advanced, and the payments of interest credited on the books of the bank. The memorandum notes of Stelle may have been paid in the manner stated by him, but the passing the interest paid by Andrews to the account of discounts received, which was clearly done, is not accounted for. A mystery rests over this transaction, which it is proper the receivers of this bank should investigate thoroughly, for the benefit of the creditors of the bank. No wrong will be done to Andrews, if he is compelled to pay what he fairly owes on this mortgage to Stelle, whether he holds the mortgage in his own right, or as trustee for the bank. As the evidence stands, he holds it in his own right.

The third defence is, that part of the mortgage debt has been paid, which is not credited. Two sums are alleged to be paid; one, the sum of $411.50, paid by C. D. for a lot

sold to him, and handed to Stelle. The evidence of Stelle and L. V. R. Patterson, shows that this amount is credited on the bond. The other amount, $1000, is the price of five lots sold to L. V. R. Patterson, which have not been released from the mortgage. The evidence of Patterson shows that this price has not been paid by him to Stelle, or to any one else. These lots are subject to this mortgage, and should be first sold, and the sum of $1000, with interest from the date of the deed to Patterson, paid to the complainant out of the proceeds; and if the residue of the mortgaged premises are sufficient to pay off the balance of the complainant's debt and costs, then the excess of the proceeds of the five lots should be paid to the defendant, Ashbel Green.